FRANK E. FARRINGTON *against* CHRISTOPHER O'CONNER.

(Decided December 6th, 1875.)

In an action brought in the Superior Court of the city of New York, to recover $10,000 damages for an alleged assault and battery, on consent of the parties after issue joined, the cause was transferred, under L. 1872, ch. 629, § 3, subd. 12, to the Marine Court of the city of New York, to hear and determine all the issues thereof, and the parties, without objection, appeared in that court, and went to trial, when the plaintiff had a verdict for $5,000: *Held* (following *Heath* v. *Hubbell, ante,* p. 183), that the Marine Court had jurisdiction.

An order made by the general term of the Marine Court of the city of New York, striking an action and all proceedings therein from the records of that court, is an "actual determination" of such general term, within L. 1874, ch. 545, § 9, and is appealable to this court.

APPEAL by plaintiff from an order of the Marine Court of the city of New York, made at general term, striking from the records of that court the action, with all the proceedings therein. The facts of the case material to this appeal are all contained in the order appealed from, which was as follows :

[Caption, &c.] "The appeal from an order made on the 16th day of January, 1875, in this action, granting a motion to set aside a judgment and for a new trial herein, on the ground that the damages awarded by the jury in the verdict on which said judgment was entered were excessive, having come on to be heard, and after hearing Wm. W. Badger, Esq., for said appeal, and John R. Fellows, Esq., opposed thereto, and it appearing and being conceded on said appeal that this action was commenced in the Superior Court of the city of New York to recover damages in the sum of $10,000 alleged against defendant for an assault and battery, and that after issue duly joined in said Superior Court, and on the 4th day of September, 1874, the order was made and entered in said court by the consent in writing of the attorneys for both parties to this action, of which order and consent a copy is hereto annexed, and which order was filed thereafter in the office of the clerk of this court, and trial of said action thereafter had in this court, defendant appearing thereon in person and by counsel, and not objecting,

:and verdict and judgment thereon for $5,000 damages and costs on such trial rendered in favor of the plaintiff, after which the said order appealed from was made.

"Now, on motion of Briggs & Fellows, defendant's attorneys in all said proceedings, it is hereby

"*Ordered*, that this action, with all the proceedings therein had in this court, including the said order appealed from, be, and the same hereby are stricken from the records of this court, without costs to either party, for the reason that this court has acquired no jurisdiction thereof, and this court declines for that reason to render its judgment upon any questions presented on said appeal."

The order made by the Superior Court, referred to above, was an order transferring the cause to the Marine Court, to hear and determine all the issues thereof, and the consent was a consent to the entry of that order.

*Wm. W. Badger*, for appellant.

*Briggs & Fellows*, for respondent.

JOSEPH F. DALY, J.—In the case of *Heath* v. *Hubbell*, decided at this term (*ante*, p. 183), we held that an order transferring a cause from any other court of record in the city to the Marine Court for trial, pursuant to the act of 1872 (L. 1872, ch. 629, § 3, subd. 12), if such order of transfer were made upon the consent of all the parties to the action, was regular and valid, and operated to divest the court whence the action proceeded of its jurisdiction over such cause, and to vest the Marine Court with exclusive jurisdiction over it, and that the statute authorized a recovery to as large an amount in such action in the Marine Court as might have been had in the court from which it had been transferred.

The same reasoning applies, and the same conclusion was reached by us in respect of transfers of causes from other courts of record to the Marine Court, pursuant to the act of 1874 (L. 1874, ch. 545, § 4), providing the order for the transfer of the cause be made upon the consent of all the parties to the litigation.

The present action was commenced in the Superior Court of

the city of New York to recover $10,000 damages for assault and battery, and issue joined therein. On the written consent of both parties, an order was made in said court, on Sept. 4, 1874, transferring said action to the Marine Court for trial. It was there tried, and a verdict rendered for plaintiff for $5,000, and judgment thereon entered in his favor. A new trial was, however, granted by the special term, and plaintiff appealed to the general term of the Marine Court from the order granting the new trial; but the general term, on the coming on of the appeal for hearing, ordered as follows : " That this action, with all the proceedings therein had in this court, including the said order appealed from, be, and the same hereby are stricken from the records of this court, without costs to either party, for the reason that this court has acquired no jurisdiction thereof, and this court declines, for that reason, to render its judgment upon any questions presented on this appeal."

From the conclusions reached in *Heath* v. *Hubbell* (*supra*), it will be seen that the Marine Court had full jurisdiction of this action, and the general term of the Marine Court should have heard the appeal and disposed of it upon its merits.

There can be no doubt of the appealability of the order made by the general term in this case. Appeals lie to this court from an " actual determination " at such general term (L. 1874, ch. 545, § 9). Although it was not a reversal nor affirmance of the judgment below, it effectually prevented the enforcement of it, and deprived plaintiff of his judgment and of a retrial as well. By the sweeping terms of the order the action was wholly determined and ended, and plaintiff is not to be deprived of his right to review the decision which cuts off his rights, because it has been put in a novel and peculiar form by the court which rendered it.

The order appealed from should be reversed, without costs, and the action remitted to the Marine Court, with directions to proceed and hear the appeal from the order granting a new trial upon the merits (L. 1875, ch. 479, § 43, subd. 3).

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.